UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ~~Cristian~~ LeTravis Griffin, Plaintiff, v. RON NEAL, *et al.*, Defendants. | Cause No. 3:24-cv-66-PPS-JEM |

**PLAINTIFF'S VERIFIED SURRESPONSE IN OPPOSITION TO DEFENDANT CHICO'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, *pro se*, in opposition to Defendant Chico's reply in support of summary judgment (ECFs 150, 151), hereby provide my surresponse with the following:

1. On January 14th, 2026, Defendant Chico filed her reply in support of her motion for summary judgment (*id.*).
2. First, in her reply to my **verified** statement of material facts, Defendant Chico repeatedly claims that my sworn testimony (which she refers to as mere "assertions" (*See generally id.*)) is not "admissible evidence" and that I failed to support my testimony with "citations to the record" (*id.*).[1] However, Defendant Chico's claim offends precedent such as, Payne, Hill, and Windmar. *See* Payne v. Pauley, 337 F.3d 767, 771-73 (7th Cir. 2003) ("We have routinely found that a nonmoving party's own affidavit can constitute affirmative evidence to defeat a summary judgment motion." (collecting cases)); Hill v. Tangherlini, 724 F.3d 965, 967-68 & n.1 (7th Cir. 2013) ((noting that the term "'self serving' must not be used to

[1] Notably, my **verified** statement of material facts were based on my personal knowledge and sworn to under the penalty of perjury. *See* United States v. Joy, 192 F.3d 761, 767 (7th Cir. 1999) (holding personal knowledge is not a rigid requirement; it also "includes opinions and inferences grounded in observations or other first-hand experience." (citation omitted)).

denigrate perfectly admissible evidence through which a party tries to present its side of the story at summary judgment" and overruling all Seventh Circuit cases that suggest that a plaintiff may not rely on "self-serving" evidence to defeat summary judgment) (collecting cases)); Windmar v. Sun Chem. Corp., 772 F.3d 457, 459-60 & n.1 (7th Cir. 2014) ("self-serving affidavits can indeed be a legitimate method of introducing facts on summary judgment." (collecting cases)); *See also* Fed. R. Civ. P. 56(c)(4) (considering self-serving affidavits admissible evidence on summary judgment). Accordingly, my **verified** statement of material fact and **verified** memorandum were sworn to under the penalty of perjury and based on my personal knowledge, and thus is admissible evidence to be considered by the Court. The court should therefore reject Defendant Chico's invitation to disregard my sworn testimony.

3. Lastly, Defendant Chico first objects to my request for judicial notice and argues that my "citations are to the unsworn statements of non-parties, which are inadmissible hearsay" (ECF 150 at 2).

4. Regarding the latter argument, such has been rejected by our Supreme Court. Celotex v. Catrett, 477 U.S. 317, 324 (1986) (a nonmovant is not required to "produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). At summary judgment, the Court's focus is not on the admissibility of the evidence's form, but instead on the admissibility of its contents. Cairel, 821 F.3d at 830-31; *See also* J.F. Feeser, Inc., v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3rd Cir. 1990), cert. denied, 499 U.S. 921 (1991) ("[H]earsay evidence . . . may be considered if the out-of-court declarant could later present the evidence through direct testimony, i.e., in a form that 'would be admissible at

trial.'" (citation omitted)). At trial, I most certainly can subpoena, and, thus present the testimony of the non-parties cited in my summary-judgment response.

5. Regarding the former argument (*i.e.,* judicial notice), Defendant Chico objects on the grounds that only matters of "universal truth" may be judicially noticed (ECF 150 at 1). To begin, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201. Judicial notice can be taken of a fact where the fact "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a) – (c).

6. First, the filings I requested the Court to take judicial notice of are from the public docket in Phillips v Neal, Cause No. 3:24-cv-00045-PPS-JEM (N.D. Ind. filed Mar. 27, 2024) (currently pending in this Court). I supplied the Court with the citation and relevant docket entries from Phillips, thus it can be accurately and readily determined that the cited filings are from a source (this Court) whose accuracy cannot reasonably be questioned. Therefore, as a preliminary matter, the Court may take judicial notice of my citations to Phillips. Daniel v. Cook Cty., 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the . . . filings in other courts.").

7. Second, as to Defendant Chico's claim that only matters of "universal truth" may be judicially noticed, it is undisputed that the cited documents in question were filed in Phillips, it is further undisputed that the declarant, signor, or author of any cited statement or document was in fact made by said declarant, signor, or author,[2] and it is further undisputed that this action has a direct relation to Phillips, and Defendant Chico has not

[2] Each cited interrogatory response from Phillips is signed under penalty of perjury by the respective Interrogatoree.

argued otherwise. *See* Phillips Med. Sys. Int'l v. Bruetman, 982 F.2d 211, 215 n.2 (7th Cir. 1992) (approving judicial notice of "proceedings [with] a direct relation to matters at issue." (citations omitted)).

8. Separately, Defendant Chico's reliance on GE Capital is misplaced (ECF 150 at 1 (citing GE Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997)), in GE Capital, the court found that judicial notice was improper because the action seeking to be noticed did not involve the plaintiff nor was the plaintiff in privity with a party in the action. GE Capital, 128 F.3d at 1083. That simply is not the case here. Indeed, not only has the Court previously found this case so related to Phillips that it consolidated the two, but Defendant Chico is also a party in Phillips for the same underlying claims as she is in this action; and, she is in privity with her co-defendants in Phillips. Moreover, Defendant Chico has not been denied due process, *i.e.,* the opportunity to dispute the matter being requested to be judicially noticed—whether here or in Phillips. Critically, the matter in question consist of documents and information identically filed in this action.[3]

9. A last thing, it **is** a "universal truth" that Defendant Chico submitted a sworn interrogatory response in Phillips describing what action she took in response to requests for medical attention (ECF 150 at 2 – 3). That "universal truth", however, does not mean the underlying statements are indisputably true. These two things are not mutually exclusively.

10. For all of these reasons, the Court should accept my perfectly admissible evidence in its review of Defendant Chico's summary judgment motion, and thereafter deny her motion for summary judgment.

[3] The convenience factor—the primary reason why Phillips was requested to be judicially noticed was because I cannot access (or afford to reproduce) the discovery and other documents filed in this action.

VERIFICATION[4]

I, the undersigned, an adult competent to testify and based on my own personal knowledge, and information and belief, hereby affirm, under the penalties for perjury, that the foregoing representations are true and correct to the best of my knowledge and belief.

2/11/26
Executed date

Plaintiff

Respectfully submitted,

Plaintiff, *pro se*
1 Park Row
Michigan City, Indiana 46360

[4] *See* Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996) ("By declaring under penalty of perjury that [this document is] true, and by signing it, [I] converted [this document], or rather those factual assertions in [this document] that complied with the requirements for affidavits specified in the rule . . . into an affidavit." (internal citations and quotation marks omitted)), cert. denied; Fed. R. Civ. P. 11(b).

**CERTIFICATE OF SERVICE**[5]

I hereby certify that the foregoing document was filed with the United States District Court and served upon all parties of record by depositing the same into the custody of IDOC staff to be e-filed this 11th day of February 2026.

Plaintiff

[5] Pursuant to Houston, the date I provided the foregoing document to IDOC staff to mail to the Court, is the date it shall be deemed filed. Houston v. Lack, 487 U.S. 266 (1988).